Honorable Henry Wade District Attorney 6th Floor, Records Building Dallas, Texas 75202
Re: Payment by Dallas County of bond premiums for reserve deputy sheriffs and reserve deputy constables.
Dear Mr. Wade:
You ask:
 Can Dallas County legally pay . . . premiums on the bonds required by Article 6869.1, V.C.S., of reserve deputy sheriffs and reserve deputy constables?
Article 6869.1 provides that reserve deputies are to `serve without pay', although the commissioners court is permitted to `provide compensation for the purchase of uniforms and/or equipment used by such individuals.' Sec. 1(d). The statute also provides that
 (e) Such reserve deputy sheriffs . . ., prior to their entry upon duty and simultaneously with their appointments, shall file an oath and bond in the amount of Two Thousand Dollars ($2,000), payable to the sheriff . . . and filed with the county clerk of the county in which said appointment is made.
Authorization for the county to provide bond premiums is not granted by article 6869.1. However, article 3899 provides in part:
. . . .
 (b) Each officer named in this Act, where he receives a salary as compensation for his services, shall be entitled and permitted to purchase or charge to his county all reasonable expenses necessary in the proper and legal conduct of his office, premiums on officials' bonds, premiums on fire, burglary, theft, robbery insurance protecting public funds, and including the cost of surety bonds for his deputies . . . .
(Emphasis added). Both sheriffs and constables are officers named in the Act. Attorney General Opinion O-439 (1939). In Attorney General Opinion M-1021 (1971) this office concluded that the commissioners court of a county has authority under article 3899, V.T.C.S., to determine if the purchase or lease of two-way radio equipment for reserve deputy sheriffs is a reasonable and necessary expense of the sheriff's office, and if it determines that it is, to pay for such equipment. Cf. Attorney General Opinion H-958 (1977) (county prohibited from paying reserve deputy sheriff's insurance premiums as compensation).
Article 3899 leaves no doubt that premiums for the official bonds of sheriff's and constable's deputies are expenses of the sheriff's office and of the constable's office. The statute makes no distinction between the bonds of regular deputies and those of reserve deputies.
Accordingly, we believe that a county may legally pay reasonable premiums on the bonds required of reserve deputy sheriffs and of reserve deputy constables by article 6869.1, V.T.C.S.
 SUMMARY
A county may legally pay reasonable premiums on the bonds required by article 6869.1, V.T.C.S., of reserve deputy sheriffs and of reserve deputy constables.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee